IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TOMMY CASTILLE | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-08:CV-04 |
| | § | |
| CONTINENTAL GENERAL INSURANCE | § | |
| COMPANY AND CONSUMERS HEALTH | § | |
| AWARENESS ASSOCIATION, AND | § | |
| GARY MCDONALD | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Gary McDonald's Rule 12(b)(3) Motion to Dismiss for Improper Venue or in the Alternative, Motion to Transfer Venue (Dkt. # 3), and related briefing. Also before the court are Defendant Continental General Insurance Company's Motion to Transfer Venue (Dkt. No. #6), and Defendant Consumer Health Awareness Association's Motion to Transfer Venue (Dkt. No. 11) along with related briefing. Defendants requests that this case be transferred either to the Sherman Division of the Eastern District of Texas or to the Austin Division of the Western District of Texas pursuant to 28 U.S.C. § 1404(a). After carefully considering the parties' written submissions, Defendant McDonald's motion to dismiss is DENIED and all Defendants' motions to transfer are DENIED.

**I.      Background**

On January 4, 2008, Plaintiff Tommy Castille ("Castille") filed this class action suit against Defendants Gary McDonald ("McDonald"), Continental General Insurance Company's ("CGIC") and Consumer Health Awareness Association's ("CHAA") alleging that the defendant operated a health insurance scam and committed fraud, misrepresentation and violation of the Texas Insurance

Code.  Plaintiff Castille is a resident of Travis County, Texas.  Defendant McDonald is a resident of Collin County, Texas.  Defendant CGIC is incorporated in Kansas, with its principal place of business in Kansas.  Defendant CHAA is incorporated in Illinois, with it principal place of business in Missouri.

## II. Discussion

### A. Venue is Proper

Defendant Gary McDonald contends that venue is improper in the Marshall Division of the Eastern District of Texas.  Defendant properly contends that venue is determined pursuant to 28 U.S.C. § 1391 (b) as this case is not founded solely upon diversity of citizenship.  However, Defendant seems to argue that because venue may be proper in the Western District of Texas under § 1391 (b)(2), venue is not proper in the Eastern District of Texas.  A lawsuit may allow for proper venue in more than one judicial district.  *See Florida Nursing Home Ass'n v. Page*, 616 F.2d 1355, 1361 (5th Cir. 1980).  A court should not oppose the plaintiff's choice of venue if the activities that transpired in the district where suit is brought were not insubstantial. *Id.*  Plaintiffs in this case have alleged that all or substantially all of the events giving rise to Plaintiffs' causes of action occurred in the Eastern District of Texas and Defendant McDonald is a resident of the Eastern District of Texas.  Further, in his motion, Defendant McDonald acknowledges that venue is proper in the Sherman Division of the Eastern District of Texas.  *Defendant's Motion,* p. 3.  As such, the defendant implicitly agrees that venue is proper in this district.  In essence, the defendant asks this court to dismiss this action against him based on the plaintiff choosing to file in the Marshall Division rather than the Sherman Division.  The venue statute, 28 U.S.C. § 1391, however, does not contain a division venue requirement.  *See e.g., Corbitt v. Southern Refrigerated Transport, Inc.*,

2006 WL 3099327, *1 (E.D. Tex 2006). Therefore, venue is proper in the entire Eastern District of Texas.

B. **Transfer of Venue**

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private factors are the following: (1) the plaintiffs' choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771. The public interest factors involve the following: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.* The moving party bears the burden of demonstrating that venue should be

3

transferred to another forum. *Hanby*, 144 F. Supp. 2d at 676. To meet this burden, the moving party must show that "good cause" exists to transfer the case. *In re Volkswagen of Am., Inc.*, 506 F.3d 376, 384 (5th Cir. 2007). "[T]o show good cause means that a moving party must demonstrate that a transfer is 'for the convenience of parties and witnesses, in the interest of justice.'" *Id.* (citations omitted).

### 1. Private Factors

a. <u>Plaintiff's Choice of Forum</u>

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiff's choice of forum, however, will not be disturbed unless it is clearly outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002). The Plaintiff chose to bring this suit in the Eastern District of Texas, Marshall Division. Plaintiff's choice of forum is entitled to deference. *See In re Volkswagen*, 506 F.3d at 384. Defendant CGIC argues that since the Plaintiff has also asserted a derivative action, Plaintiff's choice of forum should have diminished value as compared to the choice of the corporate Defendant CHAA, the real party-in-interest in the derivative action. *Defendant's Motion*, p. 9. Section 1401 provides that any civil action by a stockholder on behalf of his corporation may be prosecuted in any judicial district where the corporation might have sued the same defendants. 28 U.S.C. § 1401. It does not require the Court to take into consideration the actual venue choice of the corporate Defendant. Further, in its motion, CHAA has indicated that the Sherman Division of the Eastern District of Texas is on one if its preferred venues. As such, the CHAA implicitly agrees that venue is proper in this judicial district. The Court will therefore give deference to Plaintiff's choice of forum and find that this factor weighs against transfer.

b. <u>The Convenience of the Parties and the Witnesses</u>

The court will first assess the convenience of the parties. However, the convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The Plaintiff resides in Travis County, Texas. Defendant McDonald is a resident of Collin County, Texas. Defendant CGIC is incorporated in Kansas, with its principal place of business in Kansas. Defendant CHAA is incorporated in Illinois, with it principal place of business in Missouri. Neither of the corporate defendants have their principal place of business in either the Austin Division or the Sherman Division. The difference in distance necessary for the parties to travel to either the Sherman Division, the Austin Division or the Marshall Division is negligible. Accordingly, the convenience of the parties is a neutral factor with respect to transfer.

The court now considers the convenience of the witnesses. Courts regularly consider whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed*, 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The Plaintiff alleges that all or substantially all of the events giving rise to Plaintiffs' causes of action occurred in the Eastern District of Texas. Plaintiff contends that numerous class members and most of its key fact witnesses reside within the Eastern District of Texas. *Plaintiff's Response*, p. 5. Defendant CGIC has provided a list of potential in-state non-party witnesses that do not reside in the Eastern District of Texas. *Defendant's Motion*, p. 10. While some of these witnesses live closer to the Austin Division, some others live closer to the Sherman Division. It would seem that either of the three Divisions would be inconvenience a group of Defendant CGIC's witnesses to

5

some degree. Overall, the distance to be traveled by a majority of non-party witnesses does not significantly exceed the threshold of 100 miles. *See In re Volkswagen*, 506 F.3d at 386 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."). For any out-of-state non-party witnesses who may be summoned from outside of Texas, the difference in distance necessary for the them to travel to either the Sherman Division, the Austin Division or the Marshall Division is negligible. Therefore, in the court's view, the convenience of non-party witnesses a neutral factor with respect to transfer.

  c. <u>The Place of the Alleged Wrong</u>

The events giving rise to the plaintiff's claims allegedly occurred in occurred in Collin County, Texas, which is in the Sherman Division. The court finds that this factor weighs in favor of transfer.

  d. <u>The Cost of Obtaining the Attendance of Witnesses and the Availability of Compulsory Process</u>

Since both Marshall and Sherman divisions are located in the Eastern District of Texas, the cost of obtaining the attendance of witnesses and the availability of compulsory process will be the same in either the Sherman Division or the Marshall Division. If transferred to the Austin Division, it would be much more expensive and difficult to obtain the attendance of witnesses from the Eastern District of Texas. None of these divisions have absolute subpoena power over all of the witnesses in this case. Accordingly, this factor is neutral as to transfer.

  e. <u>The Availability and Location of Sources of Proof</u>

Defendant CGIC contends that any records relevant to the events at issue are located in

Austin, Dallas or Omaha, Nebraska. *Defendant's Motion*, p. 10. The court is convinced that the documentary evidence could be transported easily from either of these locations to the Marshall Division. Given the advances in copying technology and information storage, this factor is rendered far less important and is therefore, neutral as to transfer.

  f. <u>The Possibility of Delay and Prejudice if Transfer is Granted</u>

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)). This is not a rare and exceptional case; therefore, this factor is neutral.

  **2.** **Public Interest Factors**

  a. <u>The Administrative Difficulties Caused by Court Congestion</u>

The plaintiff and the defendants agree this factor is neutral as to transfer. The court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the court finds this factor is neutral as to transfer.

  b. <u>The Local Interest in Adjudicating Local Disputes and the Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty</u>

Defendant CGIC argues that the local residents of Collin County, Texas have a greater interest in eliminating fraud similar to the one alleged in this case. Plaintiff however alleges that defendant has policyholders throughout the Eastern District of Texas. *Plaintiff's Response*, p. 6. The citizens of the entire Eastern District have an interest in adjudicating issues of fraudulent and deceptive practices in the insurance business being conducted in the Eastern District. This factor is neutral as to transfer.

    c. <u>The avoidance of unnecessary problems in conflict of laws</u>

The Austin Division, the Sherman Division and Marshall Divisions are all capable of applying the relevant Texas law to the plaintiff's claims of fraud, misrepresentation and violations of the Texas Insurance Code. Therefore, this factor is neutral as to transfer.

## III. Conclusion

Upon application of the section 1404(a) factors to this case, the court has exercised its discretion and has concluded that transfer to either the Austin Division of the Western District of Texas or the Sherman Division of the Eastern District of Texas is not warranted. The court finds that the competing factors do not justify disturbing the plaintiff's choice of forum. The court therefore DENIES Defendant's Motion for Change of Venue.

SIGNED this 10th day of September, 2008.

_T. John Ward_
T. JOHN WARD
UNITED STATES DISTRICT JUDGE