IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TOMMY CASTILLE | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-08:CV-04 |
| | § | |
| CONTINENTAL GENERAL INSURANCE | § | |
| COMPANY AND CONSUMERS HEALTH | § | |
| AWARENESS ASSOCIATION, AND | § | |
| GARY MCDONALD | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Continental General Insurance Company's ("CGIC") Motion for Abstention and related briefing. (Dkt. No. 15). Defendant Consumers Health Awareness Association ("CHAA") joins the CGIC's motion. (Dkt. No. 17). Defendants requests that this case be abated until resolution of a previously filed action in an Oklahoma state court. After carefully considering the parties' written submissions, Defendants' motion to stay is DENIED.

**I.  Background**

On January 4, 2008, Plaintiff Tommy Castille ("Castille") filed this individual action, putative class action and derivative action suit against Defendants Gary McDonald ("McDonald"), CGIC and CHAA (collectively "defendants"), alleging that the defendants operated a health insurance scam and deceived insureds through the sale of association group health insurance coverage.[1] Castille alleges a number of claims, including fraud, misrepresentation and violations of the Texas Insurance Code, that arise from her general allegation against the defendants. She

---

1 Plaintiff has subsequently amended her complaint, adding numerous other defendants. *See* Dkt. Nos. 36, 42, 57.

proposes to certify a class of: All individuals who were insured under any policy of health insurance issued by CGI to CHAA during the period beginning four (4) years prior to the filing of this suit. Castille seeks an individual and class declaratory judgment that CHAA is not a bona fide association and that here coverage does not qualify as true group insurance.  Castille also seeks money damages for fraud, misrepresentation, violations of the Texas Insurance Code, unjust enrichment, breach of contract, conversion, civil conspiracy and money had and received.  In addition, the Plaintiff has brought derivative claims on behalf of CHAA for an injunction, and for damages arising from conversion, civil conspiracy, negligence, breach of fiduciary duty and money had and received.  A class certification hearing in this case is set for April 3, 2009.

The defendants represent that there is a related class action suit in an Oklahoma state court. Specifically, the lawsuit suit is styled: *Carl Lailand and Cheryl Lail v. Continental General Insurance Company, Consumer Health Awareness Association and Fictitious Defendants A-M*, Civil Action No. CJ-2005-154, in the 154th District Court of Comanche County, Oklahoma, before the Honorable Keith B. Aycock (the "Lail Lawsuit"). *See* Motion, Ex. A.  The Lail Lawsuit is a putative class action law suit against CGIC, CHAA and Fictitious Defendants A-M, alleging that CHAA is not an independent association and is maintained or controlled by CGIC, involved in an unlawful group insurance scheme.  The proposed class in the Lail Lawsuit is defined as: All persons in the United States, who, from ten (10) years prior to filing this action to the date of final judgment in this action, have purchased from defendant CGIC a "group" health insurance certificate and joined CHAA.  The Lails assert claims of breach of covenant of good faith and fair dealing, breach of contract, fraudulent misrepresentation, negligence, unjust enrichment/constructive trust, post-sale fraudulent concealment, breach of fiduciary duty, and civil conspiracy.  Defendants represent that "class certification discovery should substantially

2

completed" upon receipt of responses to numerous third party subpoenas and "class certification hearing should proceed expeditiously." *See* Motion, at 15.

Defendants represent that the Lail Lawsuit has been pending since 2005. Therefore, defendants move for abstention, seeking to stay this case.

**II.     Discussion**

The Supreme Court has held that "[t]he doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 813 (1976) (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-189 (1959)). In *Colorado River*, the Court adopted four factors[2] that a district court may consider in determining if exceptional circumstances do nevertheless exist for abstention based on "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id*. at 817-18. The Court however warned that "only the clearest of justifications will warrant dismissal." *Id*. ("[Abstention] was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it.").

---

[2] The four factors include: (1) whether there is a res over which one court has established jurisdiction; (2) the inconvenience of the federal forum; (3) whether maintaining separate actions may result in piecemeal litigation; (4) which case has priority. *Colorado River*, 424 U.S. at 818. Subsequently, in *Moses H. Cone*, the Court added two more factors: (5) whether state or federal law controls; and (6) the adequacy of the state forum to protect the federal plaintiff's rights. *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 23, 26 (1983). No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required. *Colorado River*, 424 U.S. at 818.

The Fifth Circuit has ruled that a prerequisite to conducting the *Colorado River* analysis is that the two actions in question be parallel ones. *Republic Bank Dallas Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1120 (5th Cir. 1987) (affirming district court's refusal to stay the federal case where in spite of there being same subject matter between the two cases in question, there were other disparate issues involved and the parties were not the same, thereby rendering the two actions not parallel ones). The Fifth Circuit has defined parallel actions as those "involving the same parties and the same issues." *Id.* (citing *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973); *Mendiola v. Hart*, 561 F.2d 1207, 1208 (5th Cir. 1977)) (noting also that there need not be "precise identity" of these).

The Court finds that the two cases in question here are not parallel cases involving the same parties and same issues, and are far from having "precise identity." As illustrated earlier, while some of the parties and issues are the same, some are not. The lawsuit before this Court has numerous additional defendants that are not present in the Lail suit. The Lail Lawsuit includes a cause of action for breach of the covenant of good faith and fair dealing, and the case here does not. On the other hand, this case has causes of action for violations of the Texas Insurance Code, conversion, and money had and received, which have not been asserted in the Lail lawsuit. This case also differs in the fact that Castille brings derivative claims on behalf of CHAA here. These are significant differences that the Court cannot ignore. *See Rowley v. Wilson*, 200 Fed. Appx. 274, 275 (5th Cir. 2006) (holding that additional defendants with additional claims against these defendants render the two cases in question not parallel); *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 491, n. 3 (5th Cir. 2006) ("If the suits are not parallel, the federal court must exercise jurisdiction.").

Defendants urge the Court that the test for parallelism is that the cases merely be

4

substantially same.[3] Defendants argue that the differences between the two cases do not automatically negate substantial similarity, and this standard would be satisfied to find parallelism between the two cases presented here. The Court rejects this argument. First, the Court finds that the Fifth Circuit has clearly enunciated the requirement for parallelism. *See RepublicBank*, 828 F.2d at 1121 (5th Cir. 1987). In any event, even if the Court were to accept the defendants' argument, the Court would still deny defendants' motion under the case law laid out by the Seventh Circuit. The central inquiry is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case. *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005). The federal suit here involves claims and defendants that are not present in the state court litigation, and resolution of that case will not dispose of all the claims Castille asserts against various defendants. *See id*. ("[A]ny doubt regarding the parallel nature of the [state court] suit should be resolved in favor of exercising jurisdiction.").

Even if the suits were found to be parallel, defendants have failed to convince this Court that there exist "exceptional circumstances" under the *Colorado River* analysis. Reviewing the facts presented to this Court under the six factors enumerated by the Supreme Court, the Court fails to find "the clearest of justifications" required to invoke the doctrine of abstention.

### 1. Jurisdiction Over a *Res*

Under the first *Colorado River* factor, federal-court abstention may be appropriate if a state court first exercises jurisdiction over real property. *Colorado River*, 424 U.S. at 818. Such is not the case here. This factor therefore does not warrant abstention.

### 2. The Inconvenience of the Federal Forum

---

[3] Defendants cite case law from other circuits to argue that this is the standard that this Court should adopt. *See* Motion & Reply (citing *Lumen Constr., Inc. v. Brant Constr., Inc.*, 780 F.2d 691, 695 (7th Cir. 1985); *Tryer v. City of South Beloit, Il.*, 456 F.3d 744, 752-53 (7th Cir. 2006)).

Under the second factor, the Court must determine if "the federal forum [is] any less convenient to the parties than the state forum." *Moses H. Cone*, 460 U.S. at 19. The "relative inconvenience of the forums, should be analyzed as to 'whether the inconvenience of the federal forum is so great' that abstention is warranted." *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002) (citing *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988)). Defendants do not contend that this forum is more inconvenient than the state court in Oklahoma.[4] This factor does not favor abstention.

### 3. Danger of Piecemeal Litigation

The Supreme Court in *Colorado River* found this factor to be paramount. *Moses H. Cone*, 460 U.S. at 19. Defendants argue that the duplicative nature of the lawsuits could result in inconsistent rulings and poses a "serious potential for spawning an unseemly and destructive race to see which forum can resolve the same issue first." *See* Reply, at 3. The Fifth Circuit has found that "the prevention of duplicative litigation is not a factor to be considered in an abstention determination." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir 1988) (citing *Colorado River*, 424 U.S. at 817). The circuit has reiterated this rule multiple times. *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650- 51 (5th Cir. 2000) ("Duplicative litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction."). "The real concern at the heart of [this factor] is the avoidance of piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Id.* The Court finds that this concern is not relevant in this case. Furthermore, the problem of duplicative litigation can be eliminated by

---

[4] The Court notes that the Fifth Circuit has denied defendants' petition for writ of mandamus on this Court's denial of defendants' transfer motion. *See In Re Continental General Insurance Company*, No. 08-41127 (5th Cir. Nov 5, 2008).

"a plea of *res judicata* after the completion of one suit." *See Stewart*, 438 F.3d at 488 (citing *Kelly Inv.*, 315 F.3d at 498). This factor does not support abstention.

### 4. The Order in Which Jurisdiction Was Obtained

The Fifth Circuit has held that it is not just the order of filing that determines the order in which jurisdiction was obtained, but rather the amount of progress that has been made in the two actions. *Evanston Ins. Co.*, 844 F.2d at 1190 (quoting *Moses H. Cone*, 460 U.S. at 21). Although both cases are in the discovery stage, the parties dispute which case has made more progress. The Court does however note that class certification hearing was initially set in this case for October 30, 2008. With the parties' agreement, the Court has granted motions to amend the class certification schedule, and has moved the hearing three times. The hearing is presently set for July 31, 2009. In contrast, the Lail matter has not progressed to certification stage as of yet. This factor does not favor abstention.

### 5. The Impact of Federal Law

"The absence of a federal law issue does not counsel in favor of abstention, . . . the presence of state law issues weighs in favor of surrender only in rare circumstances." *Evanston Ins. Co.*, 844 F.2d at 1193 (citing *Moses H. Cone*, 460 U.S. at 26). This case does not involve rare circumstances under which the presence of controlling issues of state law might make abstention appropriate.[5]

### 6. Protecting the Litigants' Interests

The sixth factor asks whether the state-court action will adequately protect the rights of the

---

[5] Defendants attempt to cast this lawsuit as a mere declaratory judgment action, thereby requiring this court to apply the Supreme Court's holding in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942) rather than the abstention analysis of *Colorado River*. However, the Fifth Circuit has made it abundantly clear that when an action contains any claim for coercive relief, such as here, "the *Colorado River* abstention doctrine is ordinarily applicable." *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497, n.4 (5th Cir. 2002) (citing *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000)).

7

federal-court plaintiff, Castille. The Fifth Circuit has required that this factor only be neutral to the analysis, or weigh against, not for, abstention. *Evanston Ins. Co.*, 844 F.2d at 1193. "A party who could find adequate protection in state court is not thereby deprived of its right to the federal forum, and may still pursue the action there since there is no ban on parallel proceedings." *Id*. There is no legitimate contention that the Oklahoma state court is incapable of protecting Castille's rights. However, under the law of this circuit, this factor does not support abstention.

## III. Conclusion

Applying Supreme Court's holding in *Colorado River*, as well as subsequent Fifth Circuit case law to this case, the Court has exercised its discretion and has concluded that abstention is not warranted here. The Court therefore DENIES defendants' motion for abstention.

SIGNED this 30th day of March, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE